UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LUIS ALONSO HIDALGO, III,<br><br>Petitioner,<br>v.<br>ROBERT LEGRAND, *et al.*,<br><br>Respondents. | Case No. 3:16-cv-00618-MMD-WGC<br><br>ORDER |

The Court has located replacement counsel, Angela H. Dows. The Court will give her time to become familiar with the case and to decide whether to proceed with the existing second amended petition (ECF No. 33) or to file a third amended petition.

Currently pending before the Court is Respondents' motion to dismiss. (ECF No. 40.) On the same day that Respondents filed the motion to dismiss, the Court granted the motion of Mary Lou Wilson to withdraw from representing Petitioner. (ECF No. 49.) The court appointed Russell E. Marsh to represent Petitioner. ECF No. 51. The Court gave Marsh time to become familiar with the case and to file a response to the motion to dismiss, to move for leave to file an amended petition, or to request other relief. (*Id.*) Marsh learned that he had a conflict of interest, and the Court granted his motion to withdraw from representing Petitioner. (ECF No. 57.) As a result, no response to the motion to dismiss has been filed in almost seven months. The Court cannot expect Dows reasonably to become familiar with the case and either respond to the motion to dismiss or file a third amended petition in a short time frame. Consequently, the Court will deny the motion to dismiss without prejudice to renewing it if Dows decide to proceed with the existing second amended petition.

Given the time that this action has been open with the repeated need to find replacement counsel, the Court will dispense with the requirements of Local Rule 15-1

regarding filing a motion for leave to amend along with a proposed third amended petition. If Dows decides to file a third amended petition, then she should just file a third amended petition. Respondents may raise any procedural defenses in a motion to dismiss filed in accordance with the scheduling order below.

It is therefore ordered that Angela H. Dows, Premier Legal Group, 1333 North Buffalo Drive, Suite 210, Las Vegas, NV 89128, is appointed as counsel for Petitioner in all further proceedings.

It is further ordered that Respondents' motion to dismiss (ECF No. 40) is denied without prejudice.

It is further ordered that petitioner shall have 90 days from the date of entry of this order either to file a declaration that he will proceed with the existing second amended petition (ECF No. 33) or to file a third amended petition. By this order, the Court does not intend or imply any extension of the one-year period of limitation of 28 U.S.C. § 2244(d)(1). Petitioner always remains responsible for ensuring either the timely filing or relation back of grounds for relief.

It is further ordered that Respondents must file a response to the second amended petition or third amended petition, whichever is the operative petition, including potentially by motion to dismiss or request to reinstate the current motion if an amended petition is not filed, within 7 days either of service of the declaration that Petitioner will proceed with the second amended petition or within 60 days of service of the third amended petition. Petitioner may file a reply within 30 days of service of an answer. The response and reply time to any motion filed by either party, including a motion filed in lieu of a pleading, shall be governed instead by Local Rule LR 7-2(b).

It is further ordered that any procedural defenses raised by Respondents to the counseled amended petition must be raised together in a single consolidated motion to dismiss. In other words, the Court does not wish to address any procedural defenses raised herein either in serial fashion in multiple successive motions to dismiss or embedded in the answer. Procedural defenses omitted from such motion to dismiss will

be subject to potential waiver. Respondents must not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If Respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they must do so within the single motion to dismiss not in the answer; and (b) they must specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623–24 (9th Cir. 2005). In short, no procedural defenses, including exhaustion, will be included with the merits in an answer. All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

It is further ordered that, in any answer filed on the merits, Respondents must specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

DATED THIS 6th day of September 2019.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE